UNITED STATES of America, Plaintiff,

v.

Herbert A. DANIELS, Defendant.

No. 99–40099–01–DES.

United States District Court,
D. Kansas.

July 21, 2000.

Thomas J. Kenney, Kutak Rock LLP, Omaha, NE, Gregory B. Hancks, Leslie A. Greathouse, Kutak Rock LLP, Kansas City,

MO, Alan D. Strasser, Kutak Rock, Washington, DC, for defendant.

Richard L. Hathaway, Office of United States Attorney, Topeka, KS, for U.S.

### MEMORANDUM AND ORDER

SAFFELS, Senior District Judge.

This matter comes before the court on defendant's Motion to Compel Government to Produce Exculpatory Evidence or in the Alternative for Issuance of Rule 17(c) Subpoena (Doc. 133) and Motion to Quash Subpoena to Defendant's Expert Witness (Doc. 154). Defendant seeks an order compelling the government to produce the following information pursuant to Federal Rule of Criminal Procedure 16(a)(1)(c) and *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963):(1) All government investigator's notes and reports of interviews with patients named in Counts 1 through 40 of the Second Superseding Indictment; and (2) A summary of charity care patients treated by defendant at the Duchesne Clinic. In the alternative, defendant seeks a subpoena pursuant to Federal Rule of Criminal Procedure 17(c) directed to the Duchesne Clinic. Defendant also moves to quash an administrative subpoena seeking information related to surgeries performed by defendant's expert witness, Dr. Mark Bell. For the following reasons, the court finds defendant's motion to compel and motion to quash should be denied.[1]

## I. INTERVIEW NOTES AND REPORTS OF GOVERNMENT INVESTIGATORS

Defendant seeks all government investigator's notes and reports of interviews with the patient/witnesses named in Counts 1 through 40 of the Second Superseding Indictment. Defendant "believes" these documents will reveal inconsistencies and inaccuracies in the witnesses' testimony and may be used to impeach the witnesses. This belief in based on the fact that six witnesses have corrected their witness statements and one of those witnesses, Esther S., testified that she re-viewed the interview notes and agreed they were accurate prior to correcting her statement. The government points out that Esther S. signed a sworn statement after her deposition testimony in which she acknowledged that when she testified that she reviewed the interview notes, she had in fact never seen the actual interview notes and was referring to the witness statement prepared for her by the government agent. The government argues the interview notes are not material, and that it has produced and will continue to produce all Rule 16 and *Brady* materials.

■ Rule 16(a)(1)(c) requires the government to disclose information it possesses which is material to the preparation of the defense. Rule 16(a)(2) "does not authorize the discovery or inspection of reports, memoranda, or other internal government documents made by ... any ... government agent investigating or prosecuting the case." However, the Tenth Circuit has held the interview notes of government agents are subject to disclosure if they meet the materiality requirement of *Brady*. *United States v. Sullivan*, 919 F.2d 1403, 1427 (10th Cir.1990).

■ *Brady* does not require the government to disclose everything that might influence a jury. *United States v. Agurs*, 427 U.S. 97, 109, 96 S.Ct. 2392, 49 L.Ed.2d 342 (1976). The government "need only disclose information favorable to the defense that meets the appropriate standard of materiality." *United States v. Cadet*, 727 F.2d 1453, 1467 (9th Cir.1984). The Supreme Court has defined *Brady's* materiality standard stating, "[e]vidence is material only if there is a reasonable probability that had the evidence been disclosed to the defense, the result of the proceeding [would] have been different. A 'reasonable probability' is a probability sufficient to undermine the confidence in the outcome." *Pennsylvania v. Ritchie*, 480 U.S. 39, 57, 107 S.Ct. 989, 94 L.Ed.2d 40 (1987) (citing *United States v. Bagley*, 473 U.S. 667, 682, 105 S.Ct. 3375, 87 L.Ed.2d 481 (1985)).

---

1. The government requests that the court strike defendant's motion to compel as an untimely, abuse of process and sanction defendant. The court denies these requests and has considered defendant's motion on the merits.

■ The defendant has not shown the court that the interview notes and reports are material. There is no reason to believe that the interview notes and reports would establish inconsistencies in all the witness statements when only six witnesses corrected their statements. As to the six witnesses who corrected their statements, defendant only speculates that the interview notes and reports will reveal further inconsistencies. Defendant possesses the original and corrected copy of the six witness statements which he may use to impeach these witnesses. Defendant has not produced any evidence to suggest that the interview notes and reports would contain additional inconsistencies not already demonstrated by the witness statements. *Brady* does not require disclosure where the impeachment evidence is merely cumulative. *See United States v. Payne,* 63 F.3d 1200, 1210–11 (2nd Cir.1995); *United States v. Buchanan,* 891 F.2d 1436, 1443–44 (10th Cir.1989).

■ Assuming the interview notes did reveal additional inconsistencies, defendant has not even discussed the nature of the corrections/inconsistencies or whether they would be substantially impeaching "so that, if used effectively, it may make the difference between conviction and acquittal." *Bagley,* 473 U.S. at 676, 105 S.Ct. 3375. Conclusory allegations do not establish materiality. *Cadet,* 727 F.2d at 1466. Because defendant has not shown that the government interview notes and reports are material, defendant's motion to compel these documents is denied.

## II. DUCHESNE CLINIC PATIENT SUMMARY

■ Defendant also seeks a summary of charity care patients treated by defendant at the Duchesne Clinic over the last ten years ("Clinic summary"). Defendant argues this information will show his medical advice was not intended to enhance his income, which is a theme in the prosecution's case supported by the testimony of several witnesses. The government argues that the Clinic summary is not material and is nothing more than inadmissible character evidence.

The defendant has not shown the court that the Clinic summary is material. "Evidence is material only if there is a reasonable probability that had the evidence been disclosed to the defense, the result of the proceeding [would] have been different." *Ritchie,* 480 U.S. at 57, 107 S.Ct. 989. The defendant claims the Clinic summary establishes lack of motive. The Clinic summary will be used to show that because money did not motivate defendant's medical advice to charity patients, money did not motivate his medical advice in the situations which form the basis of the indictment. This is not sufficient to meet the *Brady* materiality requirement. Therefore, defendant's motion to compel the Clinic summary is denied.

■ In the event the court denies defendant's motion to compel, defendant requests that the court issue a Rule 17(c) subpoena directed to the Duchesne Clinic. A Rule 17(c) subpoena will not be issued unless the requests satisfy the *Nixon* requirements of relevance, admissibility, and specificity. *United States v. Nixon,* 418 U.S. 683, 700, 94 S.Ct. 3090, 41 L.Ed.2d 1039 (1974). At this point in time, defendant has not established the Clinic summary's relevance or admissibility. Therefore, defendant's request is denied.

## III. ADMINISTRATIVE SUBPOENA

Defendant moves to quash an administrative subpoena issued to the Salina Regional Health Center which requests documents relating to forty surgeries performed by Dr. Mark Bell. The government issued the administrative subpoena pursuant to 18 U.S.C. § 3486, which authorizes issuance of administrative subpoenas in federal health care investigations. Defendant argues the subpoena requests documents beyond the scope authorized by 18 U.S.C. § 3486 and the subpoena is an attempt by the government to interfere with the defense. The government argues the subpoena was properly issued under 18 U.S.C. § 3486 and defendant does not have standing to challenge the subpoena issued to a third party.

■ The court has previously held defendant does not have standing to move to quash an administrative subpoena issued to a third-party. *See* Memorandum and Order

dated June 13, 2000 (Doc. 112); Memorandum and Order dated May 22, 2000 (Doc. 97) (Citing *United States v. Moffett,* 84 F.3d 1291, 1293–94 (10th Cir.1996) and *United States v. Phibbs,* 999 F.2d 1053, 1077–78 (6th Cir.1993)). Defendant has not shown the court that he has standing to challenge the subpoenas issued to the Salina Regional Health Center. Because defendant does not have standing to challenge the administrative subpoenas, defendant's motion to quash is denied.

**IT IS THEREFORE BY THE COURT ORDERED** that defendant's Motion to Compel Government to Produce Exculpatory Evidence or in the Alternative for Issuance of Rule 17(c) Subpoena (Doc. 133) is denied. Defendant's Motion to Quash Subpoena to Defendant's Expert Witness (Doc. 154) is denied.